## Bishop's Appeal.

The final decree of the Orphans' Court may be corrected in various forms.

1st. On mere motion as to clerical errors and matters that are necessary to make the decree accord with the form that is usual for that kind of case.

2d. On petition for a rehearing, setting forth the grounds of the application, verified by oath or affirmation.

3d. By bill of review founded on error of law appearing on the record, or on newly discovered evidence after the decree.

THIS was an appeal by Philip Bishop from the decree of the Orphans' Court of *Adams county*, in relation to the bill of review and exceptions, at the instance of Sarah Hines, to the second account of Philip Bishop, administrator of Christian Bishop, deceased. One of the items complained of was an allowance of $500 to accountant, for his trouble and responsibility. The court below ordered and decreed that the claim of $500 be reduced to $121.89. And thereupon the accountant appealed.

The errors assigned were—

1. The court erred in entertaining and sustaining the bill of review.

2. The court erred in its decree altering and reducing the claim of the accountant from $500 to $121.89.

[Bishop's Appeal.]

*McConaghy*, for appellant.—The construction of the Act of 13th October, 1840: 7 *Harris* 431. A bill of review may be allowed for new proof after the decree: *Barb. Eq. Prac.* 90; *Coop. Eq. Pl.* 89; *Story's Eq. Pl.* § 404; 13 *Peters* 13.

*M.* and *W. McClean*, for appellee, cited 2 *Jones* 260; 10 *Barr* 469; 11 *Ser. & R.* 206; 12 *Id.* 171; 3 *R.* 248; 9 *Ser. & R.* 223; 4 *Watts* 77; 6 *Watts* 236.

The opinion of the court was delivered by

LOWRIE, J.—On the merits of this case we do not see that there is any just ground of complaint against the decree. And it is only because the form of the proceeding is but little noticed in our books, that any dispute arises on that score. The final decrees of the Orphans' Court may be corrected in various forms, depending on the time and the grounds of the application.

1. On mere motion, as to clerical errors, and matters that are necessary to make the decree accord with the form that is usual for the kind of case, and that, as the case appeared and is remembered by the court, would have been inserted or omitted if it had been suggested to the court: 12 *Ser. & R.* 171; 1 *Hoffm. Ch. P.* 559; 7 *Ves.* 292, 293; 5 *Mad.* 121; *Moseley* 255; *Dick* 59.

2. On petition for a rehearing, setting forth the grounds of the application, and verified by oath or affirmation. This applies in cases of decrees by default, and even of decrees on hearing, if applied for during the term, or perhaps after that, if nothing has been done under the decree to prevent it: 11 *Ser. & R.* 206; 1 *Hoffm. Ch. P.* 561, 562; 3 *Mar.* 698; *Dick.* 109, 145; 1 *Dan. C. P.* 576, 579; 2 *Id.* 1207; 7 *Paige* 512; 8 *Id.* 180.

3. By bill of review, which is a separate suit, founded on error of law appearing on the record of the former case, or on newly discovered evidence after the decree: 3 *Rawle* 248; 5 *Watts* 90; 2 *Jones* 262; 10 *Barr* 469; 7 *Harris* 433; *Story Eq. Pl.* § 204; 3 *Dan. C. P.* 1724; 2 *Hoffm. C. P.* 2; 3 *Id.* 178.

The two first forms occupy the place in Orphans' Court and equity practice that is filled in our common law practice by motions to amend, to set aside or open judgments by default, to grant new trials, and the like. The third supplies the place of a writ of error, without excluding an appeal, and applies the same corrective to decrees, in cases of fraud and newly discovered evidence, as it does to common law judgments. The action of the court under the first two forms is subject to no review here, unless possibly when they are applied out of time; under the other it is.

The petition in the present case is a petition for rehearing after a decree by default, and the granting of it is not reviewable here, while the final decree that followed it is.

Decree affirmed at appellant's costs.