## Robisson v. Miller, Appellant.

*Partition—Purparts—Recognizance—Agreement.*

Where a person entitled to a purpart of land in partition proceedings takes possession of the purpart under an agreement with the other parties in interest, before entering into a recognizance for the money charged upon the land, he takes an equitable interest in the purpart, a right to have the full legal title to it on paying or securing to the other parties the valuation money less the share awarded to him, and when he enters into a recognizance for the payment of their shares such title vests in him.

*Partition—Purparts—Judgment—Lien—Execution.*

In the above case judgment was entered against the person taking the purpart after he had taken possession, but before he had entered his recognizance. The purpart was levied upon, and inquisition was taken, and the land extended. Subsequently, and after the recognizance was entered, the debtor in possession having made default, a vend. ex. was issued, and the land sold by the sheriff. *Held,* that although the levy was made before the recognizance was given, it conformed to, and followed the lien of the judgment, and that it was not necessary to abandon the levy and make a new one in order to divest the title to which the lien of the judgment, by operation of law, attached before the sale.

*Sheriff's deed—Acknowledgment—Presumption—Evidence.*

Where the records of the court show a return to the vend. ex. and the entry of the acknowledgment of a deed by the sheriff, it will be presumed that the sheriff duly acknowledged and delivered a deed to the purchaser.

Argued March 7, 1893.  Appeal, No. 179, July T., 1893, by defendant, George T. Miller, from judgment of C. P. Franklin Co., Feb. T., 1890, No. 191, on verdict for plaintiff, James B. Robisson. Before Sterrett, C. J., Green, Williams, McCollum and Thompson, JJ.

Ejectment. Before Stewart, P. J.

The facts appear by the opinion of the Supreme Court.

At the trial, plaintiff offered in evidence the following en-

178   ROBISSON *v.* MILLER, Appellant.

Statement of Facts—Charge of Court.   [158 Pa.

tries in the prothonotary's office, as an acknowledgment of the sheriff's deed to J. McD. Sharpe:

" 13th August, 1874. J. McD. Sharpe, Esq., for all the real estate of John C. Robisson, to wit, a tract or piece of land situated in Montgomery township, Franklin county, Penna., and containing 128 acres of land, more or less, bounded, etc., seized and taken in execution as the property of John C. Robisson and sold by virtue of a writ of vend. ex. No. 66 of August term, 1874, on the 11th day of August, 1874, to J. McD. Sharpe, for $500. Same day, on motion of Wm. Adams, Esq., court granted a rule on sheriff to bring money into court. Service of rule accepted by the sheriff. And E. J. Bonbrake, Esq., appointed auditor to make distribution.

" 19th June, 1876, report of auditor filed. 1st August, 1876, exceptions to the report of auditor filed. 27th March, 1877, opinion of the court overruling the exceptions, confirming the report and distribution ordered accordingly. JNO. A. HYSSONG, Pro."

Mr. Brewer: We object to the evidence of the sheriff's deed: (1) Because no evidence has been offered to show a sheriff's sale. (2) No return. (3) For the reason that this record is not evidence of itself. It is a mere memorandum made in the common pleas book here of the fact that a sheriff's deed was executed. Objection overruled and bill sealed. [7]

The court charged in part as follows:

" [I am of opinion that, notwithstanding the levy antedated the giving the recognizance, which act vested in the defendant the whole title to the tract in dispute, the fact that this vesting occurred before the sale made the sale efficacious to pass the whole title.] [2] I am not aware of any express adjudication of the question in our own state; but the conclusion stated seems to be warranted by the plain °and reasonable inferences which are to be deduced from well established principles. Had the levy and sale followed the giving of the recognizance, all the defendant's title to the particular tract set apart to him would unquestionably have passed by the sale, notwithstanding the fact that the judgment when obtained was a lien only upon his undivided interest in all the lands. When a division of lands occurs between tenants in common, a judgment which had been obtained against one of the tenants ceases to bind his un-

divided interest in the whole, and is restricted in its lien to the part set out in severalty to the judgment debtor: Bavington v. Clarke, 2 P. & W. 124; Long's Appeal, 77 Pa. 153; Stewart v. Bank, 101 Pa. 345.

" But under such judgment the defendant's interest in all of the lands held in common may be levied upon and sold before partition; though this is not true of a parcel only. A levy upon defendant's interest in a parcel of the land is held invalid, because, otherwise, the effect would be to create new tenancies in common in tracts and parcels to the prejudice and injury of the common estate: Blossom v. Brightman, 21 Pick. 283. But, as was said in Brown v. Bailey, 1 Metc. 254, this invalidity is with reference to and for the benefit of the cotenant of the debtor, for if, on partition being had, the part levied upon should happen to be assigned to the creditor, the debtor will be estopped by the partition, and the title of the creditor will relate to the time of the levy. To the same effect is Bartlett v. Harlow, 12 Mass. 348.

" Now in the present case the levy was upon all the defendant's interest in one parcel of the estate held in common; but before the sale partition had been made between the cotenants, and the very tract levied upon had been set apart to him in severalty to the judgment debtor. It would follow from the authorities cited that the sale operated to pass such title to the vendee as the debtor then had.

" It is further contended by the defendant's counsel that the failure of the plaintiff to produce the sheriff's deed to Mr. Sharpe, or to show that such had ever been delivered by the sheriff, is a fatal defect in the plaintiff's chain of title.

" [That the sale was made by the sheriff is abundantly established by the records. There is the sheriff's return to the last vend. ex., and, what is conclusive of the facts beyond all question, the entry of the acknowledgment of the deed by the sheriff upon the common pleas record.] [3] The actual delivery of the sheriff's deed to Mr. Sharpe was not necessary to vest the title in him. With the acknowledgment of the deed the defendant's title was divested, and transferred to the sheriff's vendee. ' After acknowledgment, the validity of the title cannot be questioned in any collateral action involving the title, except for the absence of authority, or the presence of fraud in the sale:' Cock v. Thornton, 108 Pa. 641.

" Nor was it necessary that the plaintiff should show actual payment of the purchase money by Mr. Sharpe to the sheriff. By acknowledging the deed, the sheriff himself became liable for the purchase money to whomsoever was entitled to it. It was, to that extent at least, an admission of his that it had been paid, no matter how the actual fact stood, and the parties interested in the fund could look to him alone.   Thereafter it became a question between the sheriff and the purchaser, in which no one but themselves could be interested or concerned.

" [The records produced in evidence show the payment of the money into court,] [4] and an auditor's report, regularly confirmed, by which the money realized on the sale was appropriated to the original recognizances which were given in the partition proceedings.

" Now, if this sheriff's sale was regular and operated to pass the title of the defendant in the land, then the lien of the recognizance, which was the basis of the proceeding under which the defendant in this action claims to hold the land, was wholly divested, and this land could not be sold a second time for that debt.

" [I do not see that there is any question of fact in the case to be submitted to the jury.   I therefore instruct you, as matter of law, that the plaintiff's case as presented in the evidence shows an adequate and sufficient title in him, and the facts relied upon not being in dispute at all, he is entitled to a verdict at your hands for the land described in the writ.   You will so render your verdict.] " [6]

Verdict and judgment for plaintiff.   Defendant appealed.

*Errors assigned* were (1) in directing judgment for plaintiff; (2–4, 6) instructions ; (5) in not submitting to jury questions of acknowledgment and delivery of sheriff's deed ; (7) ruling on evidence ; quoting instructions and bill of exceptions.

*W. Rush Gillan, W. U. Brewer* with him, for appellant.— The levy on which the property was sold was made May 9, 1872, the recognizance was not entered until Dec. 19, 1873 ; therefore at the time of the levy defendant was not owner of this real estate : Smith v. Scudder, 11 S. & R. 325 ; Bavington v. Clarke, 2 P. & W. 115 ; Harlan v. Laughran, 69 Pa. 238.

The sheriff by virtue of the levy could not sell that on which the judgment was not a lien at the time the levy was made. This judgment was not a lien when the levy was made: Calhoun v. Snider, 6 Binn. 135; Wilson's Ap., 90 Pa. 370.

There is no evidence to justify the conclusion that a sheriff's deed to plaintiff's vendor was ever acknowledged or delivered. And such acknowledgment and delivery were necessary to vest the title: Robins v. Bellas, 2 Watts, 359; Lodge v. Berrier, 16 S. & R. 297.

Only that which was levied upon could be sold: McCormick v. Harvey, 9 Watts, 482; Carpenter v. Cameron, 7 Watts, 51.

Plaintiff was estopped: Willing v. Brown, 7 S. & R. 468; Putnam v. Tyler, 117 Pa. 570; Chapman v. Chapman, 59 Pa. 214; Miller's Ap., 84 Pa. 391; Woodward v. Tudor, 81* Pa. 382.

*O. C. Bowers, Sharpe & Sharpe* with him, for appellee.—It is unnecessary to discuss the question, raised by appellant's counsel, as to whether the title to tract No. 4 vested in John C. Robisson, in severalty, prior to his entering into recognizances to the other heirs to secure the purchase money or owelty. That principle has no application whatever to the case in hand. It is solely for the benefit of the cotenant: Brown v. Bailey, 1 Metc. 254; Harlan v. Langham, 69 Pa. 238; Varnum v. Abbot, 12 Mass. 474; Porter v. Hill, 9 Mass. 34; Bartlett v. Harlow, 12 Mass. 347; McLaughlin v. Shields, 12 Pa. 287.

When a division of land occurs between tenants in common, a judgment which had been obtained against one of the tenants ceases to bind his undivided interest in the whole, and is restricted in its lien to the part set out in severalty to the judgment debtor: Bavington v. Clarke, 2 P. & W. 115; McLanahan v. Wyant, 2 P. & W. 282; Price on Lim. and Liens, 253; Long's Ap., 77 Pa. 153; Stewart v. Bank, 101 Pa. 345.

The want of a return by the sheriff to the writ of vend. ex., even if in point of fact the return was not formally entered upon the writ, is wholly immaterial: Gibson v. Winslow, 38 Pa. 49; Hinds v. Scott, 11 Pa. 19.

The registry of the deed in the prothonotary's office is original evidence, and is notice to all the world: Shrider v. Nargan, 1 Dal. 68; Naglee v. Albright, 4 Whart. 297; Bellas v. McCarty, 10 Watts, 13.

. The record of the deed, showing that it was executed and acknowledged, raised the legal presumption that it had been delivered: Kille v. Ege, 79 Pa. 15 ; Rigler v. Cloud, 14 Pa. 361.

By the return of the sheriff of a sale of land and the acknowledgment of the deed, the title to the land is vested in the purchaser, and the sheriff becomes liable for the amount bid: Hartman v. Stahl, 2 P. & W. 223 ; Hinds v. Scott, 11 Pa. 19.

The case of Robins v. Bellas, 2 Watts, 359, so much relied upon by appellant, is not at all in point, as in that case the sheriff's deed was neither acknowledged nor recorded, and the evidence showed affirmatively that it had never been delivered.

One who accepts a part of the purchase money arising out of a sheriff's sale is estopped from denying the validity of the sale: Stroble v. Smith, 8 Watts, 280.

OPINION BY MR. JUSTICE McCOLLUM, November 6, 1893 :

The land in dispute is part of a tract or plantation of which John C. Robisson, Sr., who died in 1869, intestate, was at the time of his death seized in fee.    On the 4th of February, 1870, on petition of his heirs, proceedings in partition were instituted which, on the 23d of April following, resulted in the confirmation of an inquisition dividing the tract into four purparts.    In conformity with an agreement between the heirs, purpart No. 4, being the land for which this action was brought, was awarded to John C. Robisson, Jr., at the valuation of $1,488.49.    It was intended by the parties that each taker of a purpart should have immediate possession and enjoyment of the same and be charged with interest on its valuation from August 1, 1870. As the estate was then unsettled and the personal property was insufficient to pay its debts, it was not definitely known what sum each heir would be entitled to receive from the aggregate valuation of the several purparts.    It was subsequently ascertained that eleven hundred dollars must be deducted from this valuation for debts and expenses, leaving for distribution to heirs four thousand and ninety-six dollars and seventy-eight cents.    This balance included interest for three years and three months on the valuation of the purparts.    It was agreed upon, and the share of each heir in it was ascertained in November, 1873.    Four shares were extinguished and one was reduced to

$271.01 by acceptance of purparts, and on the 19th of December, 1873, the heirs who accepted lands at valuations greater than their shares entered into a recognizance for the payment to the other heirs on the 1st of November, 1874, of the sums to which they were respectively entitled. The amount so secured was $1,441.54, and it represented the balance due from the cognizors on the lands taken by them. Of this balance the sum of $1,133.74 was due from John C. Robisson, Jr., on account of his acceptance of purpart No. 4. In accordance with his agreement with the other heirs, he took exclusive possession of this purpart three years and five months before entering into the recognizance aforesaid, and during that time held and used it as his own, and accounted to them for interest on their shares of the valuation or price he was to pay for it. By this agreement and his possession thereunder he acquired an equitable interest in the purpart, a right to have the full legal title to it on paying or securing to the other heirs the valuation money less the share awarded to him, and when he entered into a recognizance for the payment of their shares such title vested in him.

On the 5th of March, 1872, James Witherspoon obtained a judgment against Robisson which from that date became a lien on the latter's interest in purpart No. 4. A fi. fa. was issued on the judgment on the 11th of April, 1872, and by virtue of it such purpart was levied upon, an inquisition was taken and the land was extended. The creditor having elected to allow the debtor to remain in possession and pay the rental, and the latter being in default, a writ of vend. ex. was issued on which the land was sold by the sheriff on the 11th of August, 1874, for five hundred dollars to J. McDowell Sharpe for the benefit of the cognizees, to whom the net proceeds of the sale, against the objection of the judgment creditor, were awarded. The title acquired by Sharpe at this sale was on the 31st of January, 1890, conveyed to James B. Robisson, who is the plaintiff and appellee in this action.

On the 21st of May, 1875, purpart No. 4 was sold by the sheriff to F. M. Kimball for $426, by virtue of process on a judgment obtained on the recognizance, and on the 10th of September, 1877, Kimball, in consideration of one dollar, conveyed the same to Geo. W. Miller, who is the defendant and appellant in this contention. It should be stated here that Miller was

the guardian of the minor children of Fanny Hornish, deceased, who was a daughter of John C. Robisson, Sr., and that as such they were entitled to one seventh of his estate. It should also be stated in this connection that Miller, as guardian, was a party to the agreement between the heirs in relation to the partition and allotment of the lands..

We think it is clear on the facts above recited that, if Sharpe received from the sheriff a deed of purpart No. 4, he acquired the title to it which John C. Robisson, Jr., had at the time of the first sale. The Witherspoon judgment, being a lien on Robisson's equitable interest in it, attached to the legal title which vested in him when he entered into a recognizance to secure to the heirs the payment of their shares. It is true that the levy was before the recognizance was given, but it was on the whole purpart to which Robisson had a complete title, bound by the lien of the judgment when the sale was made. The lien of the levy was not distinct from or independent of, but it conformed to and followed, the lien of the judgment. It was not necessary therefore to abandon the levy and make a new one, in order to divest a title to which the lien of the judgment, by operation of law, attached before the sale.

If there had been no agreement between the heirs in relation to the partition and allotment of the lands when the Witherspoon judgment was entered, the lien of such judgment would have attached to and bound the whole of the purpart subsequently set out in severalty to the defendants therein: Jackson v. Pierce, 10 Johns. 414; Bavington v. Clarke, 2 P. &. W. 115. In the case first cited it was held that "where a mortgage is given of an undivided part or share in a large tract of land, and on partition the right or share of the mortgagor is allotted in severalty, the mortgage will be considered as attached to the part so assigned as the share of the mortgagor, and will cover his whole interest therein." In Bavington v. Clarke, supra, it was said by this court that "a judgment against a tenant in common does not prevent partition. The tenant against whom the judgment is, or any other of the tenants in common, may sue out a writ of partition and proceed to have the share of each set out in severalty. The judgment in such case binds the part set out for the one against whom it is entered, and it binds no more." It will be seen, therefore, that

whether John C. Robisson, Jr., had at the time of the entry of the Witherspoon judgment an undivided one seventh of the purpart, or an equitable interest in the whole of it derived from the agreement of the heirs and his possession in pursuance of it, the result is the same.

We think the learned judge of the court below was clearly right in his conclusion that the sheriff duly acknowledged and delivered to Sharpe a deed of purpart No 4 in consummation of the first sale. The evidence on which he based this conclusion was competent and uncontradicted, and it, with the presumptions arising therefrom, fully justified the language complained of in the third specification. We think also that as it is apparent from the undisputed testimony in the case that Sharpe acquired the title to the purpart in trust for the parties interested in the fund secured by the recognizance, and as the title so held by him is vested in the plaintiff in this action, there is no error in the instruction complained of in the sixth specification.

It is worthy of note that the validity of the sale to Sharpe is not questioned by any heir of John C. Robisson, Sr., and that the cognizees are united in sustaining it,—that by the sale the children of Fanny Hornish, deceased, became equitable owners of the land in dispute, and that they paid for it in the award of one third of the net proceeds of the sale to their portion of the sum secured by the recognizance. It is noticeable, too, that although the second sale was upon a judgment on this recognizance, it appears to have been made in the interest and for the benefit of the appellant, and that he relies on it to defeat their title. But we need not make further reference to his attitude towards them, because, in the view we have taken of the case, it is unnecessary to consider the claim that he is estopped from contesting the validity of the first sale, or to discuss the evidence on which such claim is founded.

The specifications of error are overruled and the judgment is affirmed.