## Dornblaser, Appellant, *v.* Sugar Valley Mutual Fire Insurance Company of Clinton County.

*Insurance—Fire insurance—Alienation of title—Cotenants.*

Where a policy of fire insurance provides that the policy shall become void if the title to the property is sold, transferred or changed, a purchase of the property by one of the devisees of the insured in partition proceedings is such a change of title as will avoid the policy.

A policy of fire insurance was issued wherein it was recited that the insured " obligated himself, his heirs, executors and administrators to pay all such " assessments as might be made by the board of directors, and whereby the company promised and agreed " to make good unto the said insured, his heirs, executors, administrators and assigns all such loss or damage not exceeding the sum insured," as should happen by fire to the property insured between the date of the policy and the date when the policy should be annulled, and which provided that " if the title to the hereby insured property be sold, transferred or changed, or if said property be levied upon or taken into possession or custody under any legal proceeding, this policy shall forthwith cease and become void." The by-laws provided that " the sale of property insured by this company cancels the policy, and the purchaser must make application anew, if he desires insurance." After the death of the insured one of his devisees purchased the whole property insured at a sale in partition proceedings.

Subsequently the property was destroyed by fire.  *Held*, that there was such a change of title as to avoid the policy.

Argued March 11, 1902.    Appeal, No. 8, Feb. T., 1902, by plaintiff, from judgment of C. P. Clinton Co., Jan. T., 1900, No. 63, sustaining demurrer to statement in case of Puella E. Dornblaser v. Sugar Valley Mutual Fire Insurance Company of Clinton County.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.   Affirmed.

Assumpsit on a policy of fire insurance.
Demurrer to statement.

MAYER, P. J., filed the following opinion:

Proceedings to partition the estate of Peter Dornblaser and Elizabeth Dornblaser were begun in the orphans' court, which resulted in a valuation and appraisement of said estate.   Purpart No. 1 was appraised at $4,303.53, and purpart No. 2 at $3,303.62.

Puella E. Dornblaser, one of the daughters of said decedents, appeared in open court and offered in writing $370 beyond the valuation and appraisement of purpart No. 1, and $101 beyond the valuation of purpart No. 2, and asked that said real estate might be awarded to her at the total sum of $8,080.15.   Whereupon the court on September 26, 1898, allotted the said real estate to the said Puella E. Dornblaser at the said total sum of $8,080.15, she paying the other parties interested their proportionate parts of the said sum of $8,080.15, at which the same were allotted and ordered to her, the said Puella E. Dornblaser as and when the court may hereafter direct.   And the court appointed George A. Brown, Esq., auditor, to ascertain and report to the court a just distribution of the said total sum among the parties interested therein ; and it was further ordered that said Puella E. Dornblaser enter into a recognizance to the commonwealth in the sum of $10,000, conditioned to pay the other parties interested in said real estate their proportionate parts of said $8,080.15.   George A. Brown, the auditor, in pursuance of his appointment, made a report to the court on January 17, 1899, in which he ascertained and reported the amount to be distributed to each of the heirs out of the real and personal estate

of the said decedents.   He awarded to Puella E. Dornblaser the sum of $2,424.59.   Which report was on January 23, 1899, confirmed absolute.   The said Puella E. Dornblaser in pursuance of the order and decree of the court on October 4, 1898, entered into a recognizance to pay to the other heirs their proportionate shares of the valuation and appraisement of the real estate taken by her and entered into possession of the same.

Upon the premises allotted to Puella E. Dornblaser, a bank barn was situated which was insured by Peter Dornblaser, the decedent, in his lifetime in the Sugar Valley Mutual Insurance Company, by policy dated August 15, 1888, for the sum of $801.   This barn, with its contents, was on March 2, 1899, totally destroyed by fire.   The policy contains the following provision: " If the title to the hereby insured property be sold, transferred or changed, this policy shall forthwith cease and become void. "   When Puella E. Dornblaser entered into and filed in the court the recognizance to pay the other heirs of said estate their proportionate shares of said valuation money, the legal title to said real estate upon which the barn was situated became vested in her and the other heirs of said estate had no interest or title in the same, nor in the policy of insurance covering the loss of said barn.

In the case of Robisson v. Miller, 158 Pa. 177, it was decided that " where a person entitled to a purpart of land in partition proceedings takes possession of the purpart under an agreement with the other parties in interest, before entering into a recognizance for the money charged upon the land, he takes an equitable interest in the purpart, a right to have the full legal title to it on paying or accounting to the other parties the valuation money, less the shares awarded to him, and when he enters into a recognizance for the payment of their shares such title vests in him."

Under the provisions of the policy the title to the real estate insured having been changed, the policy by its terms became void and there can be no recovery against the insurance company.

This being our view of the case it is unnecessary to consider the various other reasons assigned in the demurrer; the suit as brought cannot be maintained, the parties thereto having no interest in said policy.

The demurrer is sustained.

The Court: Some of the other reasons assigned to the demurrer might have been sufficient to have sustained it, but on the argument of the demurrer it was agreed by the counsel that the whole question should be disposed of in the opinion of the court as to whether Puella E. Dornblaser had title in the premises at the time of the fire which would preclude her from entertaining an action under the policy, and the foregoing opinion was filed in pursuance of such understanding.

*Error assigned* was the judgment of the court sustaining the demurrer.

*S. D. Ball*, with him *T. M. Stevenson*, for appellant.—All done by the heirs in the partition proceedings was in accordance with the provisions of the policy; the change by partition did not put the title in any stranger; it remained in one of the heirs of Peter Dornblaser after his death, and therefore must be held as done in accordance with the covenants of the insurance company, as set forth in the policy and with the consent of said company. The change of title intended by the parties to the policy, to render it void, appears from the foregoing to be the transfer of the title to the property insured to others than heirs of the insured : Ayres v. Hartford Fire Ins. Co., 17 Iowa, 176.

Partition leaves the title as it finds it; it dissolves the tenancy in common, but does not divest the title until payment of the shares of the other owners: Goundie v. Northampton Water Co., 7 Pa. 233 ; McClure v. McClure, 14 Pa. 134; Harlan v. Langham, 69 Pa. 235 ; Davis v. Dickson, 92 Pa. 370.

*T. C. Hipple*, for appellee, cited as to the change of title: Robinson v. Miller, 158 Pa. 177 ; Smith v. Scudder, 11 S. & R. 325 ; Barington v. Clark, 2 P. & W. 125; Ebbs v. Com., 11 Pa. 375 ; Snevily v. Wagner, 8 Pa. 396; Finley v. Lycoming County Mutual Ins. Co., 30 Pa. 311; Buckley v. Garrett, 47 Pa. 204; Hill v. Cumberland Valley Mutual Protection Co., 59 Pa. 479 ; Bemis v. Harborcreek Mutual Fire Ins. Co., 200 Pa. 340.

OPINION BY RICE, P. J., July 10, 1902 :

This case as presented to us by the appellant's counsel, turns

upon the construction of a policy of fire insurance issued to Peter Dornblaser, wherein it was recited that the insured "obligated himself, his heirs, executors and administrators to pay all such" assessments as might be made by the board of directors, and whereby the defendant promised and agreed "to make good unto the said insured, his heirs, executors, administrators and assigns all such loss or damage, not exceeding the sum insured," as should happen by fire to the property insured between the date of the policy and the date when the policy should be annulled, and which provided that "if the title to the hereby insured property be sold, transferred or changed, or if said property be levied upon or taken into possession or custody under any legal proceeding, this policy shall forthwith cease and become void."

Peter Dornblaser died in 1897, having made a will whereby he devised one fifth of all his property to his daughter Puella, this appellant, one fifth to each of his three other children and one fifth to the children of a deceased daughter.

Subsequently upon proceedings in partition in the orphans' court, the whole real estate of the testator, including the insured buildings, was allotted to the appellant, upon her bid, who, pursuant to the decree of the court, duly entered into recognizance to pay the other parties in interest their proportionate shares. This was followed by a distribution made by an auditor of the money secured by the recognizance and also of the personal estate in the hands of the executors, which was duly confirmed. These proceedings are fully recited in the opinion filed by the learned president judge of the court below, and, therefore, need not be recited at greater length by us. He was clearly right in holding that when she entered into this recognizance, the full legal title to the real estate upon which the insured building was situated became vested in her: Robisson v. Miller, 158 Pa. 177.

It is unnecessary to discuss the question whether the change of title caused by the death and will of Peter Dornblaser was such as was contemplated by the condition of the policy above quoted. For present purposes it may be conceded that it was not, but it must also be conceded that, if his rights under the policy passed to his devisees, they took subject to the same conditions which bound him. Viewing the case in the most

favorable light for them which is possible, they were as fully subject to all the terms and conditions of the policy as if it had been issued to them after Peter Dornblaser's death. This gives full effect to any implication which arises from the fact that the policy runs to the insured, "his heirs, executors, administrators and assigns." Notwithstanding this feature of the contract and the fact that it was called a perpetual policy, it is too plain for argument, that, as the appellee's counsel well says, it was not so fastened upon or related to the title of the property insured as to make it run with the title through all alienations or changes thereof. To hold that it would, would be to nullify the condition above quoted, as well as the provision that "the interest of the insured in the policy is not assignable unless by consent of the company, in writing, and indorsed on the policy," and the by-law of the company, which was expressly made a part of the policy, and which provides: "The sale of property insured by this company cancels the policy, and the purchaser must make application anew, if he desires insurance." The question then arises whether the completed proceedings in partition whereby Puella Dornblaser, the appellant, became owner of the entire title, instead of the undivided one fifth devised to her by the insured, worked such a change of the title as to render the policy void. The case of Finley v. Lycoming County Mutual Ins. Co., 30 Pa. 311, is directly in point. It was there held that a condition in a policy of fire insurance issued to a firm, that alienation of the insured property, by sale or otherwise, shall avoid the policy, applies to a transfer by one of the partners, on his withdrawal from the firm, to the remaining partner. The language of Mr. Justice THOMPSON, who delivered the opinion of the court, may be pertinently quoted as an answer to some portions of the argument of appellant's counsel in this case. He said: "It is said by the defendants in error, that this was not a case to which these conditions attached ; that the property insured was partnership property; that it remained in original hands ; and that the transfer of Finley was but a release of his interest to Stanley. This is neither a sound legal nor practical view of the question. The stipulation regards alienation by 'sale or otherwise.' If what took place between Finley and Stanley passed the interest in the property of the former to the latter,

then it was within the terms of the condition, it was alienation by sale. But if not, it was alienation 'otherwise.' It was against alienation the prohibition was leveled, and the mere use of terms will not defeat the intent. That a sale by one partner to another is within the prohibition cannot be doubted; there is no exception in its favor in the instrument, and the terms used gave no room to imply any. By the transaction the one parted with all his interest, and the other acquired double what he previously possessed. This is a legitimate consequence of sale and purchase, and no substitution of terms will make it anything else." In Buckley v. Garrett, 47 Pa. 204, Mr. Justice AGNEW said: "Since the case of Finley v. Lycoming County Mutual Ins. Co., 30 Pa. 311, it is not to be doubted that a transfer of a tenant in common to his cotenant, or from one partner to another, is within the prohibition of a policy which declares that alienation by sale or otherwise shall forfeit the policy." In Girard Fire and Marine Ins. Co. v. Hebard, 95 Pa. 45, a clause in a policy which provided that "if the property be sold, or transferred or any change takes place in the title or possession . . . . by voluntary transfer or conveyance," applied where one of the partners to whom the policy issued sold his interest in the firm to the other members. No later Pennsylvania decision has been called to our attention which modifies these rulings. The language of the contract in question is very plain and comprehensive. By its unambiguous terms the condition applies whether the title be "sold," or be "transferred," or be "changed." We do not see how the conclusion can be avoided that the title was changed. As the change of title and ownership was complete and perfect before the loss, and as it is not pretended that the company assented thereto, or even knew of it, the policy forthwith ceased and became void.

The judgment is affirmed.