Kretzer *v.* Murry, Appellant.

452

Argued May 22, 1929. Before Moschzisker, C. J., Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ.

*G. W. Atherton,* with him *Wm. S. Hoerner,* for appellant, cited: Com. v. Mayloy, 57 Pa. 291; Miller v. Miller, 23 W. N. C. 27; McCulloh's Est., 26 W. N. C. 398; Curran's Est., 28 W. N. C. 86.

*William R. Davison, John McD. Sharpe* and *Walter K. Sharpe,* for appellee, were not heard.

OPINION BY MR. JUSTICE SCHAFFER, July 1, 1929:

This is a case stated to determine the marketability of the title of plaintiff to real estate which he has agreed to sell to defendant and which the latter has agreed to buy. The alleged defects in the title grew out of an orphans' court partition proceeding in the estate of John W. Oberholzer, who died seized of the property on January 14, 1924, which resulted in the property being awarded to Elam W. Oberholzer, one of the sons, who elected to take it at the appraisement of $4,700. He executed a recognizance for this amount to the executors of John W. Oberholzer instead of to his widow, who elected to take against the will, and to his children, to whom the property was devised. Subsequently the court permitted the recognizance to be amended by inserting the names of the widow and devisees instead of the executors. This amendment was not made until after Elam W. Oberholzer had conveyed to plaintiff, Richard J. Kretzer.

It is contended that no title was acquired by the partition proceeding, because the recognizance was not filed until after Elam W. Oberholzer had conveyed the property; that the orphans' court was without power to amend the recognizance by changing the recognizees from the two executors to all the parties in interest after the recognizor had conveyed to a third party; and, that it had no power to amend the recognizance after the expiration of the term at which it was given. As to the last proposition, it is sufficient to observe that the orphans' court within its realm is a court of equity: Mallory's Est., 285 Pa. 186; Cutter's Est., 286 Pa. 505. It has no terms, as court terms exist in common law courts, and the rule of the common law as to amendments of records after the expiration of the term has no application to the orphans' court: George's App., 12 Pa. 260; Bishop's App., 26 Pa. 470. The court had power to make the amendment: Riddle & Pennock's App., 37 Pa. 177; Robisson v. Miller, 158 Pa. 177; Doyle's Est., 291 Pa. 263.

454

The other question raised is of no substance for the reason that Elam W. Oberholzer paid the money due on the recognizance to the executors and it was distributed by them to the persons entitled to it under the will of John W. Oberholzer; they acknowledged the receipt of it and appeared in this action and in writing declared that they have no claim or interest in the land in question or in the recognizance. As the purpose of the recognizance was to pay them their shares of the owelty in partition and as they have received them, any defects in the recognizance, if such there were, would be cured by their acceptance of the money.

The trial court properly determined that the plaintiff is invested with a title in fee simple and awarded judgment on the case stated in his favor.

The judgment is affirmed.