## Long's Appeal.

1. A mortgagee of an interest in an undivided estate is not entitled to be made a party to a proceeding in partition, and cannot do any act affecting the title or estate of his mortgagor.

2. A mortgagee of an undivided interest cannot object to partition by the parties themselves; if competent they are not bound to go to law to make the partition.

3. When partition is made, the security of the mortgage follows the separation and attaches to the estate held in severalty.

4. The mortgagee may object to fraud or unfairness affecting his interest; but if the partition be fairly made he cannot gainsay it.

November 16th 1874.    Before AGNEW, C. J., SHARSWOOD MERCUR and GORDON, JJ.

Appeal from the Orphans' Court of *Beaver county :* Of October and November Term 1873, No. 194. In the estate of Price Bryan, deceased.

To the March Term 1873 of the Orphans' Court of Beaver county, Joseph W. Long presented a petition, setting out that the decedent died in April 1865, intestate, seised of a tract of land containing about 100 acres, and leaving to survive him a widow and four children, of whom Pollie C., intermarried with William M. Claney, and Bassie A., intermarried with Samuel Kenney, were two; that on the 15th day of November 1871, the interest of Mrs. Claney in her father's estate, was sold at sheriff's sale to the petitioner, and a deed to him acknowledged June 12th 1872; and praying the court to award an inquest to make partition of the above-mentioned tract of land. Samuel Kenney and wife filed an answer, setting out that the four heirs of the decedent, on the 25th of September 1870, entered into an amicable agreement under their hands and seals, to have the real estate divided, and by the same agreement selected three persons to make the partition; under which about 33 acres of the tract was divided into four parts and distinctly marked off; that each of the heirs in order of seniority made choice of one of the lots and they took possession of their respective lots; some of them had made improve-

[Long's Appeal.]

ments on their lots.   The respondents prayed the court to refuse the petition.

The petitioner filed a replication, which set out, that on the 15th of June 1870, Pollie C. Claney, with her husband, executed and delivered a mortgage to the petitioner on her undivided one-fourth of her father's real estate, to secure the payment of $6900, which mortgage was recorded August 11th 1869 ; that judgment was recovered on the mortgage, and her undivided interest was sold upon a levari ·facias to the petitioner, and a deed for the same made to him by the sheriff.   After argument on these pleadings, the court (Acheson, P. J.,) denied the prayer so far as related to the 33 acres and awarded an inquest as to the remainder.

The petitioner appealed to the Supreme Court and assigned for error the refusal of the court to award partition of the 33 acres.

*Hice, Wilson & Moore* and *T. MacConnell & Son*, for appellant.—A mortgagor is a purchaser, and is protected from secret equities and trusts of which he had no notice : Heister *v.* Fortner, 2 Binn. 40 ; Cover *v.* Black, 1 Barr 493 ; Martin *v.* Jackson, 3 Casey 504 ; Journeay *v.* Gibson, 6 P. F. Smith 57.   The mortgagor cannot make any lease or contract as to the mortgaged premises to bind the ·mortgagee or prejudice his title : McCall *v.* Lenox, 9 S. & R. 310 ; Schuylkill Nav. Co. *v.* Thoburn, 7 S. & R. 419.   One taking a mortgage from a tenant in common is not bound by a partition to which he is not a party : 1 Hilliard on Mortgages 13 ; Colton *v.* Smith, 11 Pick. 311.

The title of a purchaser at sheriff's sale under a mortgage relates to the date of the mortgage : McCall *v.* Lenox, 9 S. & R. 302 ; McCormick *v.* McMurtrie, 4 Watts 195 ; Clarke *v.* Stanley, 10 Barr 472 ; Jaques *v.* Weeks, 7 Watts 270; Bury *v.* Sieber, 5 Barr 431 ; Dehaven *v.* Landell, 7 Casey 130 ; Hartman *v.* Ogborn, 4 P. F. Smith 120.·

*Cameron & Marks*, for appellees.—Where heirs make partition by agreement, followed by a corresponding possession, the judgment-creditors of an heir will not be permitted to dispute it : Darlington's Appropriation, 1 Harris 430 ; McMahan *v.* McMahan, Id. 380 ; Bavington *v.* Clarke, 2 Penna. R. 115; Calhoun *v.* Hays, 8 W. & S. 127.   A mortgage is a mere security for money : Craft *v.* Webster, 4 Rawle 255 ; 4 Kent's Com. 163 ; Casborne *v.* Scarfe, 1 Atk. 603.

Judgment was entered in the Supreme Court, November 21st 1874,

PER CURIAM.—A mortgagee of an undivided estate is not entitled to be made a party to a proceeding in partition.   He is not the owner of the estate, but a mere encumbrancer, who cannot claim

to elect or to refuse a purpart, to give security for owelty, or to do any act affecting the title or estate of his mortgagor. His estate is defeasible, and the moment his debt is paid it ceases. What sort of decree would it be to award him the share or purpart of his mortgagor until his debt should be paid? On what principle should a mere encumbrancer, whose estate is liable at any moment to be defeated, claim the right to say what share shall be taken for his mortgagor, or to refuse to take any? He cannot thus interfere with the lasting rights of the owner. How far a court would permit him to come into the proceeding to defend his interests against unfairness, and thus protect his security, is not the question. In order to be entitled to be made a party, he must have an estate, as owner, such as would confer the rights and powers of an owner. If then he cannot claim to be a party at law, he cannot object to a voluntary partition by the parties themselves. If competent they are not bound to go to law to make the partition. When partition is made the security of the mortgagee follows the separation, and attaches to the estate held in severalty. The only right the mortgagee has is to object to unfairness or fraud affecting his interest; but if the partition be fairly made, he cannot gainsay it. He loses nothing, and his security gains an advantage in being freed from the interference of co-tenants.

The argument as to the supposed contrariety of decision upon the nature of a mortgagee's interest is unfounded, and results from not discriminating between the questions considered in the cases. A mortgage in form is a deed or conveyance of real estate, and is required to be recorded as other deeds are. Hence in all questions upon the recording acts, the mortgage is spoken of as a conveyance of land, the law having placed deeds absolute and defeasible on the same footing in many respects. So when the questions relate to remedies which follow the form of the transaction, such as ejectment, estrepement, perception of profits, &c., the cases also treat of the subject as an estate in the land, this being its form and the remedies being in accord with the form. But when the questions have related to the real nature of the mortgagee's interest, it is always held to be personal, and to go to the personal representative and not to descend to the heir. This was a mere personal security for a debt, or other thing. On the death of the mortgagee his administrator could not be made tenant to the præcipe in a writ of partition, or a party to a proceeding in the Orphans' Court.

We discover no error in the decree of the Orphans' Court. It is therefore affirmed, with costs to be paid by the appellant, and the appeal is dismissed.