# The Uniontown Building and Loan Association's Appeal.

1. Where a judgment-creditor waives his right to a fund arising from a sale on a subsequent judgment, he does not thereby prejudice his right to claim a fund arising from a sale of other property of the debtor upon another subsequent judgment.

2. If there are any equities to compel the prior lien-creditor to recover satisfaction from any particular fund, the subsequent creditor must notify him thereof, for a prior creditor is not bound to know of the existence of any subsequent encumbrances.

November 19th 1879.    Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON and TRUNKEY, JJ. STERRETT and GREEN, JJ., absent.

Appeal from the Court of Common Pleas of *Fayette county:* Of October and November Term 1879, No. 358.

Appeal of the Uniontown Building and Loan Association from the decree of the court confirming the auditor's report in the distribution of part of the proceeds of the sheriff's sale of the real estate of George. A. Torrence and Joseph Johnston.

On December 5th 1874, judgments were entered in favor of Benjamin Boyce against George A. Torrence, on awards of arbitrators, and on December 22d 1876, verdicts were entered on the same.

On April 23d 1875, a mortgage was recorded in favor of the Uniontown Building and Loan Association against George A. Torrence and Joseph Johnston, upon the National House property, in Uniontown.

On the same day was recorded a mortgage on two hundred and eight acres of land, in Dunbar township, against George A. Torrence, and in favor of Mackintosh, Hemphill & Co. Judgment was entered on the bond accompanying this latter mortgage, and an execution issued thereon, the property subject to the mortgage was sold to the plaintiff in the writ, and the purchase-money credited on the execution. Afterwards a scire facias was issued upon the Uniontown Building and Loan Association mortgage, judgment entered, a scire facias issued, and the National House property sold.

Mackintosh, Hemphill & Co. having taken an assignment of the balance due on the Boyce judgments, which were first liens on both the properties, claimed from the sheriff enough of the half interest of George A. Torrence in the money realized from the latter sale, to pay the balance due on said judgments, and obtained a rule on the sheriff to pay the money into court, which was accordingly done, and an auditor appointed to ascertain who was entitled to it.

The auditor, inter alia, reported:

[Cummings v. Pitts., Cin. & St. L. Railway Co.]

" It is contended for the Uniontown Building and Loan Association, that as the Boyce judgments were the first liens upon the property sold by Mackintosh, Hemphill & Co., he was bound to look after the money made by such sale, and as he failed to do so he cannot now come in on the fund which has been made from the mortgaged premises to which the building and loan association lien was confined.

" But it has been decided that, where a party has two funds out of which he may realize his debt he may elect either, and he may waive his precedence upon any fund and allow it to go to a junior lien, without prejudice to his own debt as against any other property upon which he also has a lien. And if there are any equities that would compel any such prior lien-creditor to receive satisfaction from any particular fund, such prior lien-creditor must be notified of such equity in time to prevent loss to him by a waiver of such precedence : Bank of Pennsylvania v. Winger, 1 Rawle 295; Konigmaker v. Brown, 2 Harris 274 ; Adams v. Heffernan, 9 Watts 529.

" The Uniontown Building and Loan Association was bound to notify Benjamin Boyce to satisfy his debts out of the money made on the Mackintosh, Hemphill & Co.'s execution ; and inasmuch as it failed to exercise due vigilance in this respect, it does not appear clothed with such equities as to compel the auditor to postpone the prior judgment-creditor."

Exceptions were filed to this report, which the court overruled and confirmed the report, when the building association took this appeal.

*Alfred Howell*, for appellant.—The creditor, who may at law, control the application of two or more funds, shall not be suffered to use his legal advantages in a way to exclude the demand of a fellow creditor whose legal recourse is but to one of them : Ramsey's Appeal, 2 Watts 228; Hastings's Case, 10 Id. 303; Delaware and Hudson Canal Co.'s Appeal, 2 Wright 512.

The assignment by Boyce of his judgments to Mackintosh, Hemphill & Co., was an attempt to defeat the manifest equity of the appellant, and deprive it of its right of subrogation or its equivalent, the application of the money in the hands of Mackintosh, Hemphill & Co. to the Boyce judgments. The rights of a subsequent creditor party cannot certainly be subject to the mere caprice of a prior creditor, and his choice as to whom he will transfer his priority.

*R. H. Lindsey*, for appellees.—It is true Mackintosh, Hemphill & Co., in whose favor Boyce waived his prior lien, afterwards purchased the Boyce judgments. But the evidence shows that there was no arrangement between the parties (as is alleged), and that the two transactions were separate and distinct. The sale was

[Curtis & Co. *v.* Waring & Co.]

made on the 6th of September 1876, and Mackintosh, Hemphill & Co., at once gave a credit of that date upon their judgment, as appears from the writs of fi. fa. subsequently issued. The purchase of the Boyce judgments, and their assignment to Mackintosh, Hemphill & Co., were not made until July 23d 1877, nearly a year after the sale and waiver by Boyce. Boyce had a clear legal right to waive the priority of his lien, and to sell his judgments to whomsoever he pleased, and the purchaser undoubtedly succeeded to all the legal rights of Boyce; and one of these rights was to receive the money in court.

The judgment of the Supreme Court was entered November 28th 1879,

PER CURIAM.—The learned auditor and the court below were right, we think, in holding that the Boyce judgments were entitled to be paid according to their priority. The holders of those judgments were not bound to claim their money from the first fund produced by the sale of the debtor's estate. If there were any equities in these appellants they should have given notice to them to make such claims; for a judgment or mortgage-creditor is not bound to know of the existence of any subsequent encumbrance. The appellants contend that Mackintosh, Hemphill & Co., who purchased the Boyce judgments, stand in a different position from what Boyce himself would have done. But we are unable to see why that should be so, and affirm this decree upon the opinion of the learned judge below.

Decree affirmed and appeal dismissed at the costs of the appellants.