# Stewart *versus* Allegheny National Bank.

1. A. and his son B. were seised as tenants in common of undivided moieties of a piece of land. A. died devising, inter alia, his interest in said land to his son B., and four other children in equal shares. B. having purchased the share of one of his brothers in said land, filed a bill in equity against the three remaining brothers and sisters for partition of A.'s real estate. *Held,* that by virtue of the provisions of the Act of April 13th 1859, Pamph. L. 605, one of the courts of Common Pleas of Allegheny county had jurisdiction to make partition in such case, as well of A.'s undivided interest in the said piece of land as of his other real estate.

2. Where said undivided interest was included in one of the purparts set out in said partition proceedings subject to the payment of owelty, *Held,* that in contemplation of law said undivided interest was as effectually partitioned as if it had been divided into as many purparts as there were co-tenants.

[Stewart *v.* Allegheny Nat. Bank.]

3. The mortgagee of an undivided interest in land has a mere incumbrance on the land but no estate in it. He is not therefore entitled to be made a party to partition proceedings or to be notified thereof.

4. Where in such partition proceedings the undivided interest is awarded to one of the parties in interest other than the mortgagor, subject to owelty of partition, the lien of the mortgage upon the land is divested, and the mortgagee can have resort to the owelty in partition only.

5. A. and B. being seised of a lot of ground in undivided moieties, A. died, devising his interest in the lot to B. and four others, in equal shares. B. purchased the interest of one of the other parties and then executed a mortgage for all his interest in the lot. Subsequently, in partition proceedings instituted by B. to divide A.'s real estate, a certain purpart was awarded to one of the devisees thereof other than B., including A.'s undivided interest in the lot in question, the said purpart being made subject to the payment of owelty. Subsequently the holder of the mortgage sued out the same, issued execution against the mortgaged premises and bought them in at the sheriff's sale. *Held,* that he acquired title to only an undivided half interest in said lot and not to a seventenths interest therein.

October 17th 1882. Before SHARSWOOD, C. J., MERCUR, GORDON, TRUNKEY, STERRETT and GREEN, JJ. PAXSON, J., absent.

ERROR to the Court of Common Pleas No. 1 of *Allegheny county :* Of October Term 1882, No. 100.

Assumpsit, by W. C. Stewart and M. Eva Stewart his wife in right of said wife, against The Allegheny National Bank of Pittsburgh Penna. to recover one-half of all the rent collected by defendant from certain real estate in the City of Pittsburgh.

On the trial, before COLLIER, J., the following facts appeared : William B. Hays was in his lifetime seised, inter alia, of an undivided half interest in the lot in question. His son William B. Hays, Jr., was seised of the other undivided half interest in the lot. In June 1873 said William B. Hays died, leaving a will whereby he devised all his real estate, including, inter alia, his interest in the above mentioned lot, to his five children, William B. Hays Jr., Lyda C. Hays, Margaret Hays, Curtis H. Hays and M. Eva Hays, the plaintiff, who intermarried with W. C. Stewart, in equal parts or shares.

Shortly afterwards Curtis H. Hays conveyed his undivided one-fifth part of the undivided moiety of the lot to William B. Hays, Jr. Said William B. Hays, Jr., being thus seised of an undivided seven-tenths interest in the lot, executed a certain mortgage on June 9th 1874 to James Dalzell for all his interest in said lot, which mortgage was duly recorded.

On August 20th 1877 said William B. Hays Jr., filed a bill in equity for the partition of his father's real estate including inter alia, the undivided interest in the lot in question. Proceedings were had in pursuance of the prayer of said bill whereby a

[Stewart *v.* Allegheny Nat. Bank.]

certain purpart, including Wm. B. Hays's interest in the lot in question was set apart to M. Eva Stewart the plaintiff, charged with the payment of $985.10 to William B. Hays, Jr., as owelty in partition.

The Allegheny National Bank of Pittsburgh having taken an assignment of the above mentioned mortgage, given by Wm. B. Hays Jr., to James Dalzell, subsequently sued out the same and on March 7th 1881, purchased the mortgaged premises, at sheriff's sale and received a sheriff's deed therefor. It thereupon took possession of the whole property and collected all the rent accruing therefrom. On July 2d 1881 plaintiff brought the present action to recover one-half the rents collected by the defendant. Defendant admitted her right to recover three-tenths of all the rent collected but denied her right to the other two-tenths.

Plaintiff presented the following points :

1. The mortgage given by William B. Hays, Jr., under which the defendants claim title could not, and did not affect or in any manner impair the rights of his co-legatees in the undivided one-half which belonged to the estate of William B. Hays, deceased, in the property covered by the mortgage. Refused. Exception.

2. The proceedings in partition of the estate of William B. Hays, deceased, after the giving of the mortgage by William B. Hays, Jr., passed to Mrs. Stewart, the plaintiff, a good title to the undivided one-half interest in the mortgaged premises, and left the title to the remaining undivided one-half in William B. Hays, Jr., and Mrs. Stewart, the plaintiff, is entitled to recover in this action one-half of the rents collected by the defendant from the premises covered by the mortgage. Refused. Exception.

3. William B. Hays, Jr., having taken title to certain property and received an equivalent under the proceedings in partition of the estate of William B. Hays, deceased, for the one-half interest set apart in said proceedings to Mrs. Stewart, the plaintiff, and no exceptions having been filed or appeal taken from said proceedings, both the said William B. Hays, Jr., and the defendant claiming under him are concluded by such proceedings. The title of Mrs. Stewart to one-half interest allotted to her, can not be disputed or inquired into in a collateral proceeding. Refused. Exception.

4. The defendant occupies the same position that William B. Hays, Jr., would have done, had no sale been made under the mortgage, and the defendant under the sale upon the mortgage acquired title to one-half interest in the premises, and is entitled to collect one-half the rents collected therefrom, and no more. Refused. Exception.

[Stewart *v.* Allegheny Nat. Bank.]

Defendant requested the court to charge as follows :

1. The mortgagee not having been a party to the partition proceedings, and no actual partition of the land in controversy having been made, said proceedings were ineffectual to divest the mortgage held by Dalzell from any part of or interest in said land, and that the deed from the sheriff vested in the defendant the undivided seven-tenths of said land. Affirmed. Exception.

2. Under all the evidence the verdict must be for the three-tenths of the rent collected by the defendant, and no more. Affirmed. Exception.

Verdict and judgment for three-tenths of the rent collected accordingly. Plaintiff thereupon took this writ, assigning for error the answers of the court to the above points.

*W. A. Sipe,* for the plaintiff in error.—The mortgage given by William B. Hays, Jr., was inoperative to create a lien upon his undivided two-thirds interest which he had in the estate of William B. Hays, deceased. He could not appropriate to himself any portion of the estate which he held in common with his co-legatees. Nor could he invest his mortgagee with rights greater than he possessed. The mortgagee took, subject to the contingency of the loss of the two-tenths interest, if on the partition of the whole estate of William B. Hays, deceased, they should not be allotted to the mortgagor : Harlan *v.* Langham, 19 P. F. S. 235 ; Long's Appeal, 27 P. F. S. 151 ; Gates *v.* Salmon, 35 Cal. R. 576 ; Sutter *v.* San Francisco, 36 Cal. R. 112 ; Porter *v.* Hill, 9 Mass. R. 34 ; Bartlet *v.* Harlow, 12 Mass. R. 348 ; Nichols *v.* Smith, 22 Pick. R. 316. Neither a joint tenant, nor a tenant in common can do any act to the prejudice of his co-tenants in their estates : Harlan *v.* Langham, 19 P. F. S. 235 ; Stark *v.* Barrett, 15 Cal. R. 368. The two titles of William B. Hays, Jr., the one to the undivided one-half interest under joint deed to himself and the decedent, and the other to the undivided two-tenths interest in the estate of William B. Hays, deceased, could not be united in one and the same proceeding in partition : Snyder's Appeal, 12 Casey 166. Partition dissolves a tenancy in common but leaves the title as it finds it : Goundie *v.* Northampton Water Co., 7 Barr 233 ; Harlan v. Langham, 19 P. F. S. 235 ; McClure *v.* McClure, 2 Harris 134. The mortgagee of an interest in an undivided estate is not entitled to notice or to be made a party to partition proceedings : Long's Appeal, 27 P. F. S. 151 ; Wright *v.* Vickers, 31 P. F. S. 122.

*George Shiras, Jr.,* for the defendant in error.—The principles enunciated in Long's Appeal, and Wright *v.* Vickers, only apply where there is an actual partition of the land made.

Here there was no division or valuation of the land. An undivided interest in the land could not therefore be made the subject of partition : Sweeny *v.* Meany, 1 Miles 167 ; Wetherill *v.* Keim, 1 Watts 320. The effect of the decree was only to effect a conveyance of an undivided interest by William B. Hays, Jr., and the other devisees to plaintiff. The mortgagee not being a party to said proceedings stands precisely in the same position as though such a conveyance had been made.

Mr. Justice MERCUR delivered the opinion of the court, November 20th 1882.

This contention relates to the interest which the defendant acquired in a certain lot, by purchase at sheriff's sale of the interest of one of the co-tenants therein, after partition.

The facts necessary to a proper understanding of the case are these to wit : Wm. B. Hays, Sr., and Wm. B. Hays, Jr., were each seised of the undivided one-half interest in the lot. The father devised his undivided one-half interest to his five children, to wit : Wm. B. Jr., Margaret, Curtis H., Lydia C., and M. Eva Stewart, the plaintiff, in equal shares. Soon after the death of his father, Wm. B. Jr., purchased the undivided fifth devised to Curtis. He then held seven-tenths interest in the whole lot, two-tenths of which he acquired by devise and purchase under his father's will. While thus holding, Wm. B. Jr., executed a mortgage on all his interest in the lot. Some three years thereafter he filed a bill in equity in the Common Pleas of said county, for partition of all the real estate of Wm. B. Hays, Sr., including his interest in the lot mentioned. The estate consisted of numerous lots and parcels of land, and was partitioned and divided into five purparts. Purpart No. 2 included the undivided half of the lot first referred to. It was chosen by, and allotted to Mrs. Stewart, the plaintiff, in severalty, charged with the payment of a sum specified as owelty, to Wm. B. Jr. To the latter were allotted purparts No. 1 and 3, and the remaining purparts to the other co-tenants. The whole partition was duly confirmed. Several years thereafter the defendant purchased at sheriff's sale under the mortgage the interest of Wm. B. Jr., in the whole lot, and now claims to take from the plaintiff two-fifths of the one-half allotted to her in severalty.

Two questions arise : one whether the land was so held as to be subject to partition, the other whether the lien of the mortgage on the purpart allotted to the plaintiff, was divested.

1. It may be conceded that land so held was not subject to partition prior to the Act of 13th March, 1847 ; but the first section of that Act : Pur. Dig. 434 pl. 139, declares "the jurisdiction of the several Orphans' Courts of this Commonwealth, in

[Stewart *v.* Allegheny Nat. Bank.]

the partition and valuation of real estate, shall extend to any undivided interest in fee simple in any lands or tenements of which any person has died or shall hereafter die seised or possessed, as tenant in common or joint owner with any other person or persons, as fully as if such decedent were solely seised or possessed thereof at the time of his or her death : and the inquest . . . shall value and return such interest undivided in all cases : and if such decedent had other real estate such interest shall be valued and returned either by itself or in connection with some other portion of such decedent's real estate valued as one of the purparts or shares into which they shall divide the whole real estate ; and upon the return thereof, the proceedings shall be as in other cases." The Act of 13th April 1859, P. L. 605, gives the same power by bill in equity to any court in the county of Allegheny having the jurisdiction of a court of equity in cases of partition.

The facts stated undoubtedly brought the case within the Act cited, and fully authorized the court to make partition of the undivided half of the lot so held, and to allot the same in severalty to the plaintiff who was one of the co-tenants. It was none the less a partition in contemplation of law than if it had been divided into as many purparts as there were co-tenants. To have so done in this case would have been in conflict with the clear language of the statute authorizing the partition.

2. The mortgagee of an interest in an undivided estate has an incumbrance on the land ; but no estate in it. He is not entitled to be made a party to a proceeding for the partition thereof. He has no right whereby he can elect to take or to refuse a purpart, nor can he give security for owelty. He cannot prevent the partition : Bavington *v.* Clarke, 2 P. & W. 115 ; Long's Appeal, 27 P. F. Smith 151 ; McCandless' Appeal, 10 W. N. 563. It was said in this last case the rights of tenants in common to make partition, and to enjoy all the incidents connected therewith, are paramount to the rights of a lien creditor against any one of the tenants. Hence when partition resulted in a sale by the sheriff it was held in Wright *v.* Vicker's Adm., 31 F. S. Smith 122, the lien of the mortgage executed by one co-tenant was thereby divested. In such case the mortgagee must resort to the proceeds of the sale. So when the allotment in partition divests the lien against a co-tenant without furnishing other security, the lien creditor must resort to the owelty which takes the place of the debtor's interest in the land. It is a mere change of the form of the property on which the creditor has a lien.

The plaintiff therefore took the purpart allotted to her, discharged from the lien of the mortgage, and the subsequent

[Carlin & Co. *v.* Chappel.]

sheriff's sale passed no interest therein to the defendant. The several specifications of error are therefore sustained.

Judgment reversed and a venire facias de novo awarded.