Frank A. Lawrence, Administrator d. b. n. c. t. a., of Achilus Lawrence, deceased, v. Henry Korn, Appellant.

*Mortgage—Scire facias—Affidavit of defense—Pending partition proceedings—Parties.*

On a scire facias sur mortgage, the defendant filed an affidavit of defense in which he averred (1) that "the defendant has begun and is prosecuting with due diligence proceedings in partition in the orphans' court, under which the mortgage, being against his undivided interest, will be discharged and payment made from the fund raised by sale; (2) that the right of the plaintiff to sue does not appear on the face of the scire facias, as it is not alleged therein that letters testamentary to the executors to whom the mortgage was given or letters of administration de bonis non cum testamento annexo to the plaintiff were granted in this state." *Held*,. that the affidavit was insufficient to prevent judgment.

Argued Jan. 7, 1898. Appeal, No. 224, Jan. T., 1897, by plaintiff, from order of C. P. No. 4, Phila. Co., March T., 1897,. No. 787, making absolute a rule for judgment for want of a sufficient affidavit of defense. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Rule for judgment on scire facias sur mortgage for want of a sufficient affidavit of defense.

The averments of the affidavit of defense sufficiently appear by the opinion of the Supreme Court.

*Error assigned* was in making absolute a rule for judgment..

*F. Carroll Brewster*, for appellant cited, Girard Life Ins. Co. v. Bank, 57 Pa. 388; Wright v. Vickers, 81 Pa. 122; Sayre v. Helme, 61 Pa. 299; Magraw v. Irwin, 87 Pa. 143.

*David Wallerstein*, with him *William Henry Fox*, for appellee, cited Savage v. Bunn, 19 W. N. C. 448; Markley v. Quay, 8 W. N. C. 145; Bank v. Ship Building Co., 18 W. N. C. 62.

OPINION BY MR. JUSTICE FELL, February 7, 1898:

The action was to recover the principal of an overdue mortgage debt. The assignments of error relate to the order of the court in making absolute a rule for judgment for want of a sufficient affidavit of defense. The grounds of defense presented by the affidavit are, (1) that the defendant has begun and is prosecuting with due diligence proceedings in partition in the orphans' court, under which the mortgage, being against his undivided interest, will be discharged and payment made from the fund raised by sale; (2) that the right of the plaintiff to sue does not appear on the face of the scire facias, as it is not alleged therein that letters testamentary to the executors to whom the mortgage was given, or letters of administration de bonis non cum testamento annexo to the plaintiff, were granted in this state.

We see nothing in either of these reasons to prevent judgment. It would not follow that the mortgage would be divested by the proceedings in partition. The primary purpose of such a proceeding is to secure a division of the lands, and where a part is allotted to a mortgagor of an undivided interest the lien of the mortgage may be restricted to the part set out to him in severalty: Bavington v. Clarke, 2 P. & W. 115; Long's Appeal, 77 Pa. 151; Stewart v. Bank, 101 Pa. 342; Robisson v. Miller, 158 Pa. 177. The plaintiff was not a party to the proceeding, and his right to proceed on the mortgage could in no manner be affected by it.

The record shows no defect of power in the plaintiff to maintain the action, and the affidavit of defense does not aver a want of power. It suggests only that his right to sue does not affirmatively appear from the statement in the scire facias that letters of administration were issued to him. No issue was raised upon the subject. There is no presumption against the right, and if the defendant had reason to believe that the plaintiff was a foreign administrator he should have so stated.

The judgment is affirmed.