## Ferguson's Estate.

*Partition—Executors and administrators—Acceptance at appraisement.*

Where land is devised to executors to be held in trust until the majority of the son of the testator, and if the son dies during his minority to be sold by the executors, who are to distribute the proceeds of the sale to various legatees, the executors after the death of the son during his minority, have no standing in partition proceedings instituted by the widow of the testator to take the real estate at the appraisement. There is no

statute of Pennsylvania which gives the right to executors to accept or re-
ject real estate at the appraisement in partition proceedings.   Such right
is purely statutory.

Argued Oct. 14, 1902.   Appeal, No. 2, Oct. T., 1902, by
James C. Ferguson and George B. Ferguson, from decree of
O. C. Westmoreland Co., Aug. T., 1900, No. 1, refusing to
award real estate to executors at appraisement in estate of
Samuel N. Ferguson, deceased.   Before McCOLLUM, C. J.,
MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POT-
TER, JJ.   Affirmed.

Petition for partition by widow.

From the record it appeared that Samuel N. Ferguson died
on April 20, 1890, testate, leaving to survive him a widow,
Minnie Ferguson, and one son, Daniel J. Ferguson.   By his
will he devised and bequeathed his farm to his son, who was
then about two years of age, to be held in trust for him by his
executors until he arrived at the age of twenty-one years.

The will further provided that his dwelling was to be used
as a home for his wife and child, and the proceeds of the farm
to be used for their maintenance, but the property, at all times
during the minority of his son, to be under the exclusive direc-
tion of his executors.

The will further provided that in case his son, Daniel J.
Ferguson, dies before he arrives at the age of twenty-one
years, he empowered his executors to sell said farm to the
highest bidder, and the proceeds of said sale to be divided as
follows :  To his brother, John C. Ferguson, $400;  to his
sister, Margaret J. Ferguson, $300 ; to his brother, Geo. B.
Ferguson, $400 ; to his brother, William M. Ferguson, $800 ;
to his nephew, William J. Ferguson, $300 ; to his niece,
Adella Mary Ferguson, $300 ; to his niece Cora E. Calhoun,
$300; to his niece, Margaret J. Calhoun, $300, and the bal-
ance of the proceeds of the sale, after deducting expenses,
was bequeathed to his wife, Minnie Ferguson, if she remains
his widow, but if she remarries her share was to go to the
above legatees, share and share alike.

The testator appointed his father, James C. Ferguson, and
his brother, William M. Ferguson, his executors and trustees.
William M. Ferguson died on January 1, 1892, and George B.

Ferguson was appointed by the court to fill the vacancy. Minnie Ferguson duly elected to take under the intestate laws. Daniel J. Ferguson died November 13, 1897, in the ninth year of his age. H. H. Murdock was appointed his administrator. Minnie Ferguson brought her action in partition on September 3, 1900, for her dower, James C. Ferguson and George B. Ferguson, executors of said decedent, being made parties to said action in partition, appeared in response to the rule to accept or refuse the real estate at the valuation, and filed their acceptance of said estate at the valuation.

The court refused to award the real estate to the executors.

*Error assigned* was refusal to award real estate to executors.

*Geo. B. Ferguson*, with him *D. S. Atkinson* and *W. C. Peoples*, for appellant, cited: Evans's App., 63 Pa. 183 ; Dundas's App., 64 Pa. 325; Cunningham's Est., 137 Pa. 621.

*H. Clay Beistel*, for appellee, cited : Painter v. Anderson, 7 Pa. 48; Rankin's App., 95 Pa. 358; Gallagher's Est., 2 Foster, 155 ; Cunningham's Est., 137 Pa. 621.

OPINION BY MR. JUSTICE POTTER, January 5, 1903 :

The testator, Samuel N. Ferguson, devised his farm to his only son Daniel, to be held in trust by his executors until the son arrived at the age of twenty-one years. In case of the death of the son before attaining his majority, the executors were empowered to sell the farm. The widow, Minnie Ferguson, refused to take under the will, and elected to take under the intestate laws.

The son Daniel died on November 13, 1897, at the age of nine years, leaving to survive him his mother, the widow of testator. Under the terms of the will the real estate was then to be sold, and the proceeds distributed to certain legatees. No sale was however made by the executors, from November, 1897, to July 28, 1900, when the widow filed her petition for partition. It was duly allowed, and in response to the rule issued upon the heirs to accept or refuse the real estate at the valuation, the executors appeared, and claimed the right to accept. The court refused to award the real estate to the executors,

but directed that it should be sold, and appointed the executors trustees, after the proceedings in partition, to make the sale. From this action of the court, this appeal was taken; the refusal to award the real estate at the valuation, to the executors, and their appointment as trustees to make the sale, being assigned as error.

The right to accept or reject at the appraisement is statutory, and therefore as a general rule, it can be exercised only by those upon whom the right has been expressly conferred by the statute. The act of March 29, 1832, section 37, gives the right of election to children and the descendants of children. The 46th section of the same act extends the right to collateral heirs, and remainder-men. The act of May 9, 1889, so extends the jurisdiction of the orphans' court in partition, as to give to devisees under a will the right of election. Under the act of March 22, 1865, as amended by the act of June 10, 1901, the committee of the estate of lunatics is empowered to accept or refuse purparts, in partition. A careful examination of the statutes discloses no other parties to whom the right of election is expressly given. No statute has been found in Pennsylvania which gives the right of election to an executor, administrator, or any personal representative of an heir. It is true, however, that the courts have sustained the right of election in certain parties not expressly authorized to exercise that right by statute. It has been uniformly held that a guardian may accept the land or a purpart of it at the valuation, in the name of and for the use of his ward, where the ward is both an heir and a minor. In like manner the husband may elect as agent of the wife when the wife is an heir.

In Thompson v. Stitt, 56 Pa. 156, Mr. Justice AGNEW says: " Though not within the letter, he is not only allowed to accept as the agent of his wife, but is permitted to acquire a title by his acceptance in his own right, to the extent of the money he advances for owelty beyond the interest of his wife."

The cases also hold that the alienee of an heir may exercise the right of election in the same manner as the heir might have done: Ragan's Estate, 7 Watts, 438; Merklein v. Trapnell, 34 Pa. 42; Biles's Appeal, 119 Pa. 105. But the right of election has been expressly denied to the widow, upon the theory that the right to accept is conferred by statute, and that the failure

to extend by express terms the right of election to the widow, was intentional by the legislature. In Rankin's Appeal, 95 Pa. 358, Mr. Justice PAXSON, on page 366, says; "It was decided in Painter v. Henderson, 7 Pa. 48, that the widow, although entitled to have partition upon her application, was not a party to whom a purpart could be awarded. The reason given was, that the act of assembly did not make her such a party, and the omission to do so was intentional. The persons entitled to take are the heirs. Among the recognized exceptions are (1) the husband may accept in the right of his wife where she is an heir; and (2) the alienee of an heir." See also Danhouse's Estate, 130 Pa. 256.

The right of election has also been denied to the mortgagee of an heir, on the theory that he is not regarded as an alienee and not having been given the right to elect, expressly by statute, he has no right to refuse or accept the land at the valuation: Stewart v. Allegheny National Bank, 101 Pa. 342; Long's Appeal, 77 Pa. 151.

Under the general rule above stated, which requires that express authority be shown to exercise the right to accept or reject at the appraisement, we are of the opinion that in the absence of any statute authorizing executors as such, to accept real estate at the valuation in proceedings in partition, they are not entitled to exercise any such right.

The decree of the court below refusing to award the real estate to the excutors, and appointing them as trustees to make sale of the said real estate, is affirmed; and this appeal is dismissed at the cost of the appellants.