# Eckels *v.* Stuart.

*Mortgages—Record—Judicial sale—Test of priority.*

In determining the priority of liens against a property sold at a judicial sale, the only test of priority is the record as it stands at the time of the sale. This furnishes the only safe guide to the bidder at the sale.

The liens against a property sold at a master's sale in partition were (1) a mortgage given by a person who was then sole owner, with nothing on its face to indicate that it was an advance money mortgage; (2) mechanics' liens and (3) a second mortgage. The last record date of the mechanics' lien was long after the date of the recording of the first mortgage. The owner of the first mortgage claimed to show by evidence outside the record that no money was paid to the mortgagor until after the date of the commencement of the work on the ground, and that the mechanics' lien was therefore prior to the mortgage, and that the mortgage was divested by the sale. The owner of the first mortgage bought in the property at the sale and claimed to share in the fund. *Held,* (1) that the evidence dehors the record was inadmissible; (2) that the mortgage was prior in lien to the mechanics' lien, and therefore not divested.

Argued April 24, 1905. Appeal, No. 4, Jan. T., 1905, by the Harrisburg Trust Company, from decree of C. P. Cumberland Co., June T., 1900, No. 8, dismissing exceptions to master's report in case of James W. Eckels v. Mary L. B. Stuart. Before MITCHELL, C. J., DEAN, FELL, BROWN and ELKIN, JJ: Affirmed.

Exceptions to report of Edward B. Watts, Esq., master in partition.

The facts are stated in the opinion of the Supreme Court.

*Errors assigned* were (1–42), dismissal of exceptions to master's report and various extracts from the opinion of the court.

*Robt. Snodgrass*, with him *Sadler & Sadler* and *John E. Fox*, for appellant.

*E. M. Biddle, Jr.*, with him *George M. Hays*, for appellees.

OPINION BY MR. JUSTICE FELL, May 15, 1905:

This appeal is from a decree confirming the report of a master distributing a fund realized by a sale in partition proceedings. The fundamental question is whether a first mortgage was discharged by the master's sale. The liens of record at the time of the sale were (1) a mortgage dated December 6, 1897, recorded December 8, 1897, given by Stuart, then the sole owner, to the appellant, the Harrisburg Trust Company, trustee, to secure the payment of bonds aggregating $15,000; (2) a number of mechanics' liens filled between February 18, 1898, and September 22, 1898; (3) a second mortgage for $20,000, dated August 16, 1898, given by Stuart and Eckels, then joint owners, Eckels having purchased an undivided one-half interest. The work of erecting a building on the ground was commenced December 9, 1897, one day after the recording of the first mortgage, but no money was paid Stuart on account of this mortgage until December 20. There was nothing on the face of the mortgage to indicate that the erection of a building was contemplated, nor that it was given for any other purpose than to secure in the usual way the bonds therein men-

tioned. All of these bonds were owned by the trust company at the time of the master's sale, and it became the purchaser of the property. It did not appear from any of the mechanics' liens when work on the building was commenced. In one it was set forth that the claim was for " labor, materials and super-intendence furnished within six months last past, to wit : between the first day December, 1897, and April 21, 1899." No dates were given in the bill of items annexed, and the last date on the record of the lien was April 21, 1899. A settlement had been made with the mechanics' liens claimants prior to the hearing before the master, and the existence of the liens was of importance only in considering the question of the divestiture of the first mortgage. The contest was between the first and the second mortgage creditors. The contention of the former was that the lien of the mortgage of December 6, 1897, did not attach until December 20, and that the mechanics' lien related back to December 9, the date of the commencement of the work on the ground. The contention of the latter, sustained by the master and approved by the court, was that as affecting the divestiture of the lien of the mortgage of December 6, the mechanics' liens related back only to the dates on which they were filed.

The appellant had no claim to the fund for distribution unless its mortgage was divested by the master's sale. Whether the mortgage was divested was to be determined solely by the record and not by what might have been shown had the question been one of distribution only. The necessity of making the record the sole test by which to determine the effect of a judicial sale is manifest, and it has been clearly recognized. The only safe guide that a bidder at a judicial sale of real estate can have is the record as it stands at the time of the sale : Coyne v. Souther, 61 Pa. 455 ; Reading v. Hopson, 90 Pa. 494 ; Meigs v. Bunting, 141 Pa. 233 ; Hilliard v. Tustin, 172 Pa. 354. In Reading v. Hopson, 90 Pa. 494, a mechanic's claim was filed after a mortgage was recorded, and evidence to show that the work on the building was commenced before the recording of the mortgage was rejected. It was said in the opinion by SHARSWOOD, J. : " As a bidder at a sheriff's sale is not bound to look beyond the record in determining what he shall bid, and as it cannot be shown against him that a prior

lien has been paid or is not subsisting, so neither can he take advantage of any fact dehors the record to discharge the land from the lien of the mortgage. At a sheriff's sale the same rule must apply equally to all bidders, the mortgagee as well as others, without regard to what their private information may be as to facts dehors the record. This puts them all upon an equal footing, as the bidder is not bound to look beyond the record, neither has he any right to effect his relations to others by any such evidence. The date of the filing of the lien was therefore conclusive as to all parties."

That this is the established rule is not controverted. The appellant seeks to escape its application by assuming the status of a distributee. It was not a distributee unless its mortgage was divested, and it cannot be regarded as a distributee in determining the primary question of divestiture. If a stranger had been the purchaser, he would not be allowed to go beyond the record to show that the mortgage was divested and as against a subsequent lien creditor claiming the fund and who presumably relied on the record in protecting his interests at the sale, the appellant had no status but that of a purchaser.

The Act of June 8, 1881, P. L. 56, since repealed by the Act of June 4, 1901, P. L. 431, does not help the appellant. There was nothing on the face of the mortgage to indicate that it was given as an advance money mortgage. It bore every indication of not being for advances to be made for the erection of a building, as it was given to secure twenty bonds " of even date without preference," and it was not so treated in the preliminary negotiations nor in the subsequent arrangements of the parties to it.

The mortgage having been made by the sole owner of the land, it was not affected by the decisions in Wright v. Vickers, 81 Pa. 122, and the cases which have followed it: Stewart v. Allegheny Nat. Bank, 101 Pa. 342, and Read v. Fidelity Ins., etc., Co., 113 Pa. 574, that the lien of a first mortgage of an undivided interest in land may be divested by a sale in partition.

The decree is affirmed at the cost of the appellant.