## Miles et al. v. Abe Kolsky & Company, Inc.

*Dimner Beeber,* for plaintiffs.

*William Horenstein, Albert S. C. Millar* and *Gilbert J. Kraus,* for defendant.

FINLETTER, P. J., June 10, 1930.—A case stated, setting forth the following facts, has been submitted for our judgment:

Plaintiffs are the holders of a purchase money mortgage, securing the payment of $170,000, at the expiration of four years from April 21, 1924. The grant includes "all rents, issues and profits" of the mortgaged premises. The mortgage contains clauses requiring the payment of taxes. Taxes for 1928 are in default, and there is a default in the payment of principal.

In February, 1929, the mortgagees notified tenants of the premises that they [the mortgagees] had exercised their right to take possession of the property and demanded that rents due and those thereafter accruing be paid to the mortgagees.

On March 8, 1929, the mortgagees and the owners of the premises entered into an agreement that defendants should collect the rents, pay operating expenses of the property, and retain the balance as a trust fund to be distributed when the rights of the parties to the agreement were determined.

The agreement also provided that if the terms of the mortgage gave the plaintiffs the right to take possession of the premises and collect the rents, judgment was to be entered for the plaintiffs, otherwise for the defendant.

The plaintiffs confidently affirm that "under the authorities of the State there can be no doubt that a mortgage conveys the legal title to the premises." If this were entirely true, there would be no difficulty, but, as a matter of fact, there are quite as emphatic declarations in our cases that a mortgagee is no more than a lien holder.

The much debated theory of the status of the mortgage under the decisions of our appellate courts was thoroughly discussed by Professor William H. Lloyd in an excellent article, entitled "The Mortgage Theory of Pennsylvania," Vol. 73 University of Pennsylvania Law Review, page 43. All the cases upon the subject will be found in it from Tryon *v.* Munson, 77 Pa. 250, where Chief Justice Agnew gives the mortgagee title and right of possession, to McIntyre *v.* Velte, 153 Pa. 350, where he is held to be a mere lien holder, and In re Lukens, 138 Fed. Repr. 188, where it is said he has either an estate or a lien as the equities of the particular case require.

For a digest and careful discussion of these cases we refer the parties to this article. We do not wish to expand this opinion into an essay upon the subject. There are many cases in which the mortgagee is merely a lien holder. And if this is his position, the plaintiffs would have no right of entry or possession. Nor would they have any right to ejectment against the mortgagor. Yet both of those rights exist, without dispute. Even in the cases where the lien theory is adopted, the right to ejectment has not been denied. Indeed, it has been expressly admitted, accompanied by expressions of regret that it existed.

The strongest case for the estate theory is Tryon *v.* Munson, 77 Pa. 250, in which Mr. Justice Agnew said: "The mortgage passes to the mortgagee the title and right of possession to hold till payment shall be made. He may, therefore, enter at pleasure, and take actual possession—use the land and reap its profits. Now, this title or lawful right to possession, and actual *pedis possessio*, are not ideal or contemplative merely, but real and tangible. . . . Thus we perceive an interest or estate in the land itself capable of enjoyment and enabling the mortgagee to grasp and hold it actually, and not a mere lien or potentiality."

In Fluck *v.* Repogle, 13 Pa. 405, ejectment brought by an assignee of the mortgagee was sustained, Mr. Justice Rogers saying: "The mortgagee has a right to recover possession immediately on the execution of the mortgage." Martin *v.* Jackson, 27 Pa. 504, and Nerpel's Appeal, 91 Pa. 334, are to the same effect. In Britton's Appeal, 45 Pa. 172, Mr. Justice Strong said: "[Mortgages] are in form defeasible sales, and in substance grants of specific security. . . . Ejectment may be maintained by a mortgagee, or he may hold possession on the footing of ownership with all its incidents. And though it is often decided to be a security or a lien, yet *so far as it is necessary to render it effective as a security*, there is always a recognition of the fact that it is a transfer of the title." In Hoskin *v.* Woodward, 45 Pa. 42, a levy by a mortgagee upon a fixture removed by the mortgagor was sustained.

An opinion by Sharswood, J., in Youngman *v.* Elmira R. R. Co., 65 Pa. 278, is to the same effect.

As late as 1912, in Erny *v.* Sauer, 234 Pa. 330, it was said the mortgagee "could have entered at pleasure, taken actual possession, used the land, and reaped its profits. If [the mortgagor] refused to give possession, he could have been ousted by an action of ejectment;" and Tryon *v.* Munson, *supra*, was cited as authority.

In our opinion, the true rule is stated by Mr. Justice Strong in Britton's Appeal, *supra:* "Though it [the mortgage] is often decided to be a security or lien, yet, *so far as it is necessary to render it effective as a security*, there is always a recognition of the fact that it is a transfer of the title." Judge McPherson expresses the same idea in In re Lukens, 138 Fed. Repr. 188: "[It is] either an estate or a lien, as the equities of the particular case may require."

It seems to us that the rule which emerges from the apparently conflicting decisions is that, for the purpose of carrying out the intent of the parties, the mortgage will be regarded as a conveyance of the title, according or not as it will give effect to that purpose. Those who hold for the passing of title must concede that for many purposes the mortgagee is not regarded as the owner. He is not liable for taxes, nor for negligent maintenance of the property. He pays no street improvements. He is not a necessary party to a partition: Long's Appeal, 77 Pa. 151; Lawrence *v.* Korn, 184 Pa. 500. The mortgage passes to the mortgagee's executor. He is treated as a lien holder in condemnation proceedings (Schuylkill Nav. Co. *v.* Thoburn, 7 S. & R. 411), with

a keen eye, however, to the stability of his security. A mortgagor in possession is entitled to the rents: Talbot's Appeal, 2 Walker, 67. On the other hand, the advocates of the lien theory admit (while they deplore) his right to maintain ejectment against the mortgagor: Levinz *v.* Will, 1 Dall. 430; Simpson *v.* Ammons, 1 Binn, 175; Youngman *v.* Elmira R. Co., 65 Pa. 278. After default (at least) he may enter into possession of the rents. In the mind of the man in the street he is not an owner, yet the form of the conveyance is that of a fee.

It must be noticed that all of the inconsistencies or apparent defects in his title are on subjects that do not affect the security of the mortgage, but rather tend to improve it. While the considerations that tend to negative the lien theory, such as the right to ejectment and possession, have the same tendency, the deduction we draw is that neither theory is pursued in the cases to its logical conclusion if it tends to affect the primary intent of the parties to give full security to the creditor.

We think this position of the courts above stated should be borne in mind in determining the further question raised in the instant case by the defendant, who urges that while the right to ejectment is recognized as well as the right of the mortgagee to receive rentals while in possession, the mortgagor, so long as he is in possession, may receive the rents: Talbot's Appeal, 2 Walker, 67. In the instant case, the mortgagor is in possession (it is argued) through the possession of the tenants, under lease from him, and while the mortgagee may bring ejectment, he has not yet done so, he has not yet entered; and until, by some legal method, he obtains possession, the perception of the rents belongs to the mortgagor.

Assuming all that has been said, it is, nevertheless, true that the mortgagee has the right of entry, and when he has exercised it may collect the rents. They are expressly conveyed to him by the mortgage. If the mortgagor is personally in possession and denies admittance to the mortgagee, the latter may be obliged to resort to ejectment; but in such an action he would be entitled to mesne profits, that is, to the rents.

If, however, the land is in the physical possession of tenants under lease from the mortgagor, their possession is, originally, that of the mortgagor. At common law, before they became tenants of the grantee (mortgagee), even after grant, it was necessary that they attorn to the grantee and thereby become his tenant. But this was rendered unnecessary by the Statute of 4 Anne, ch. 16, §9, which is in force in Pennsylvania: Robert's Digest, pages *45 and *46. See Mitchell on Real Estate in Pennsylvania, page 164, where it is said: "The effect of this is to pass to the grantee of leased lands all the rights of the grantor as landlord." See, also, Tilford *v.* Fleming, 64 Pa. 300.

That is, upon conveyance by deed or mortgage, the possession of the tenants becomes that of the mortgagee. He may insist upon the resulting right to receive the rents whenever he pleases. Until he does so, the mortgagor may receive them. But as a consequence of the right of the mortgagee to enter and because they are expressly granted in the mortgage, he has the right to demand the payment of the rent to him. Indeed, it is the only way in which he can at once enforce or obtain the benefit of the express grant contained in the mortgage of the "rents, issues and profits" and the only way in which the primary intent of the parties to give full security to the mortgagee can be fully enforced.

This right to give notice to tenants and receive the rents is generally admitted. See 19 Ruling Case Law, 315, where it is said: "The mortgagee may give notice to the tenant of his right to collect the rents, and thereupon

becomes entitled to them because the mortgage transfers the reversions, rents, issues and profits of the mortgaged premises." See, also, 19 Ruling Case Law, 322, § 98; Anderson v. Robbins, 82 Me. 422; Babcock v. Kennedy, 1 Vt. 457.

Chief Justice Shaw said in Burden v. Thayer, 44 Mass. 76: "The rents and profits of the mortgaged premises constitute a part of the funds pledged for the payment of principal and interest of the debt to be secured. . . . As the mortgage transfers the reversions to which the rent is incident, as it binds the whole of the realty of which the rents after accruing are a part, he (the mortgagee) may give notice of his right to the lessee and of his election to take the rents, and then the lessee becomes bound to pay the rent to him as mortgagee."

Being of the opinion that the plaintiffs had the right to take possession of the premises and collect the rents, we direct that judgment be entered for the plaintiffs. The prothonotary will assess the damages.