Greater Adelphia Building and Loan Association
*v.* Trilling et ux., Appellants.

Argued October 9, 1935.

470

Before KELLER, P. J., BALDRIGE, STADT-FELD, PARKER, JAMES and RHODES, JJ.

*A. L. Shapiro*, with him *Harry Shapiro*, for appellants.

*Emanuel Moss*, of *Moss & Moss*, for appellee.

OPINION BY PARKER, J., March 13, 1936:

This case comes here on an appeal from a refusal of a court of common pleas to open a judgment entered by confession on a bond containing a warrant of attorney to confess judgment.

Morris Goldenberg in 1923 gave a bond to the Co-Operative Building and Loan Association with a second mortgage and an assignment of fifteen shares of installment stock in the 33rd series of that association as collateral security. On February 13, 1926, Goldenberg conveyed to the defendants the premises covered by the above mentioned mortgage, under and subject to the payment of that mortgage. At the same time the fifteen shares of installment stock were transferred to defendants subject to the right of the association to hold such stock as collateral for the debt of $2,500. Defendants also gave to the association their inde-

pendent judgment bond in the sum of $2,500, thereby making the obligation to pay the indebtedness assumed as grantees in the deed a direct obligation on the part of defendants to the association and making them members thereof. On November 12, 1929, defendants conveyed the mortgaged premises to Barney Cluff under the same conditions as to assumption of indebtedness, transfer of stock, and giving of a new bond as in the case of the former transfer.

In February, 1933, the Co-Operative Building and Loan Association was, by lawful authority and in compliance with law, merged with the Adelphia Building and Loan Association under the name of Greater Adelphia Building and Loan Association, the plaintiff in this case. Cluff paid dues, interest, and premiums on the original loan for one year, paying to the association $180 in dues, and then defaulted in his payments. The association, averring a default, confessed a judgment against defendants on their bond giving them a proper credit on account of dues paid on the installment stock in fixing the amount of the judgment. The grounds alleged for the opening of the judgment, insofar as they are pressed on this appeal, are that the defendants were sureties and were therefore discharged by a release of the shares of stock and by a change in the terms of the contract and consequent enlargement of liability, and that the defendants actually performed the conditions of their bond.

To support these allegations defendant offered depositions showing the history we have detailed and certain facts with relation to the merger. We will briefly summarize this additional evidence. Prior to the merger the Co-Operative Building and Loan Association was insolvent in the sense that it did not have sufficient funds, after paying its creditors, to return to the stockholders the amount of dues they had paid to the association (Stone v. New Schiller B. & L. Assn.,

302 Pa. 544, 552, 153 A. 758). Appraisements were made of the assets of the associations and, after setting up, with the approval of the banking department, reserves for depreciation of mortgaged premises, delinquent taxes, stock loans, and general reserve, a value was fixed for each series of stock in both associations. Prior to the merger there had been paid on the stock in question dues to the amount of $1,801.75. After setting up the reserves the value of this stock was fixed at $631. The merger being accomplished it was necessary, in order to avoid confusion in the numbering of the series in the two combining associations, to change the numbers, and the 33rd series in the Co-Operative Building and Loan Association became the 19th series in the new association.

The main argument of the appellant is constructed upon the hypothesis that the bond of defendants constituted a contract of suretyship. This assumption is not warranted by the cases. The bond in question was the direct obligation of the defendants and not one of suretyship or cosuretyship: Hazleton Nat'l Bank v. Kintz, 24 Pa. Superior Ct. 456; Arch B. &. L. Assn. v. Schlesinger, 69 Pa. Superior Ct. 107; Bennett v. Rittenhouse B. &. L. Assn., 313 Pa. 391, 393, 169 A. 757. The law is thus stated in Hampton v. Congress B. &. L. Assn., 300 Pa. 501, 505, 150 A. 895: "Holding, as it did, various collateral securities, the association could exercise its right to indemnify itself from either or both: Jennings v. Loeffler, 184 Pa. 318; Landberg v. Equitable Investment Co., 292 Pa. 476. Under such circumstances, it could relinquish part or all held without the consent of the other creditors of the debtor. If the association had on hand current funds of one of the sureties, applicable to the due obligation, it would be its duty to appropriate them to the satisfaction of the debt, as held in Franklin Trust Co. v. Clark, 283 Pa. 212, but no such situation appears here.

Rothwell was the principal debtor, and the association held two independent obligations for its security. It could resort to either, or release one without affecting its right against the other."

It is next urged by the appellants that they have performed the condition of their bond. The defendants' bond recited the original bond and mortgage of Goldenberg and was conditioned on the payment of contributions on the stock called dues, interest, premiums, fines, taxes, and interest on prior encumbrances, and required the buildings to be insured and ended with a stipulation to "perform all the covenants and stipulations in the said [Goldenberg] Bond and Mortgage contained for and during the full period and term of the running of the said stock in the 33rd series." The appellants say that by the merger the Co-Operative Building and Loan Association ceased to exist and that as a consequence series No. 33 ceased to have any existence and therefore that no default occurred during the running of the 33rd series. To sustain this position they cite an extract from Lauman v. Lebanon Valley R. R. Co., 30 Pa. 42, 49, as follows: "The act of dissolution works a change in the form of the interests of its members, by destroying the stock, and substituting the thing which the stock represented, that is, a legal interest in the property, and leaves the members to such a division of this." We observe in passing that if defendants' interpretation of the law is sound, a serious question would arise as to whether all other bonds given at the inception of a mortgage loan by a stockholder in a building association would not by like reasoning be discharged in case of a merger.

There is a fundamental error in the argument of appellants in that they not only assume that the contract of the defendants was one of suretyship, but neglect to take into consideration the difference in the relationship between stockholders in a building and

loan association and those in an ordinary business corporation and the nature of a stockholder's building and loan mortgage as contrasted with a straight mortgage between individuals. Both the Goldenberg bond and mortgage and the defendants' bond were conditioned to pay a principal sum of $2,500 with interest and to pay fines, premiums, dues, taxes, and interest on prior encumbrances. The obligation to pay dues, interest, and premiums is a specification with reference to how the principal sum loaned with interest may be discharged. It is made in light of the fact that "when by the receipt of dues, interest, premiums and fines for nonpayment of dues, all of the stock of the association or of the series to which the borrower's stock belongs, becomes full paid or matured, the value of his stock equals the amount of his debt, and the transaction is then ended by the surrender of the stock by him and the cancellation of his obligation by the association": Freemansburg B. & L. Assn. v. Watts, 199 Pa. 221, 228, 48 A. 1075. "Building associations differ from ordinary corporations, and stockholders therein are really partners in the enterprise": Brown v. Victor Bldg. Assn., 302 Pa. 254, 258, 153 A. 349.

When the defendants gave their bond to the building and loan association and caused the installment stock of former owners to be transferred on the books of the association, they became members thereof subject to the by-laws of the corporation. The clause of the defendants' bond that he was to perform all the covenants and stipulations in the bond and mortgage "for and during the full period and term of the running of the said stock in the 33rd series," was a covenant to pay until the stock matured or reached a value equal to the amount of the loan. This it had not done when the default was declared.

As was held in the case of Lauman v. Lebanon Valley R. R. Co., supra, there is no doubt that in the

case of a merger, the merging company loses its identity, abandons its name, and ceases to have a corporate existence as such, but its "property and good will" pass "into the control and ownership of the new corporation": Petry v. Harwood Electric Co., 280 Pa. 142, 146, 124 A. 302. As a matter of fact, there was a default in the payment of dues, interest, and premiums payable on the loan in question before the merger took place and the mortgage might have been foreclosed at that time. The association was insolvent, as we have indicated, but by the merger an effort was made to salvage all the assets that could be saved. The net result was that $180 was paid to apply on the principal by payment of dues after this time and the defendants are the gainers by that much. The defendants did not see fit to keep their stock in the old association as they might have done, but transferred it to Cluff, thus putting it in his power instead of in the power of Trillings to demand the value of the stock rather than accept stock in the new association.

Appellants have failed to show that by the merger there was any essential change in the contract which the defendant assumed or to show other equitable or legal reason why the judgment should be opened. The case was correctly decided.

Judgment affirmed.