Riches *v.* Pitney, (et al., Appellants).

420

Argued March 3, 1937.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Eli T. Conner 3d,* with him *W. J. Fitzgerald,* of *Kelly, Balentine, Fitzgerald & Kelly,* for appellants.

*E. Arnold Forrest,* for appellee.

OPINION BY BALDRIGE, J., April 15, 1937:

This appeal involves the distribution of the proceeds of sales of certain real estate by the Sheriff of Pike County.

The facts, which are not seriously disputed, disclose that Thomas C. Pitney was the owner of three tracts of land, one situate in the borough of Milford and the other two in the townships of Dingman and Delaware, Pike County. On the Milford property, Jacob Klaer held a first mortgage, with an accompanying bond upon which judgment was also entered of record. Subsequent to the Klaer lien was a judgment of Alfred Chatillon, assigned to the use of Joseph A. Ruth. Klaer caused to be issued a writ of execution, which was stayed by order of the court under the Emergency

Act of 1933, and later it was returned without a sale of the property.

On October 23, 1934, Klaer caused a similar writ to be issued which was again stayed under the Emergency Act. On March 9, 1935, Joseph A. Ruth, the assignee of a mortgage and accompanying bond which were executed and delivered by Pitney to Edward E. Riches, caused to be issued a writ of execution under the bond, to No. 3, May Term, 1935. A sheriff's sale was had thereunder on April 26, 1935, of the two pieces of land in the townships, which were sold to Ruth for the sum of $2,050. On May 2, 1935, the sheriff on the Klaer writ sold the land in Milford to Klaer for the sum of $3,000. At the time of the issuance of the writ, the Chatillon judgment of $700 was a second lien against the three pieces of property. The court below stated that the Klaer writ was the first returned, but the record shows that both writs were returned May 17, 1935.

In the schedule of distribution filed by the sheriff under the Klaer writ, $1,729.75 was applied to the Klaer judgment and Joseph A. Ruth, assignee, was paid the amount due on the Chatillon judgment. To this distribution no exceptions were filed.

In the schedule of distribution filed by the sheriff under the Riches writ, $1,075 was appropriated to Ruth, assignee of the Riches judgment, and $720.18 was credited on his mortgage, the third lien. Ruth, through his attorney, consented to this distribution by giving a receipt to the sheriff, acknowledging that he had been paid the sum of $1,075 in satisfaction of his judgment and $720.18 on account of his mortgage, in accordance with the distribution filed. The widow of Pitney, as terre-tenant, filed exceptions to this distribution, setting forth that by reason of plaintiff's failure to pay the Chatillon judgment out of the funds realized from the sale of the township lands, this judgment remained

a lien on the Milford property, which "was conveyed to your exceptant and/or the Edsel Holding Corporation, a corporation owned by your exceptant." An appeal was taken from the decree overruling the exceptions.

We recognize the rule invoked by the appellants, that in determining the priority of liens against a property sold at a judicial sale, the correct test of priority is the record as it stands at the time of the sale: *Eckels v. Stuart*, 212 Pa. 161, 61 A. 820. The principle however, is equally well established that Ruth, as a creditor, having a lien upon two funds, could exercise the right to avail himself of either as long as his debt remained unpaid. He could relinquish his right, which he did, to the one fund and rely upon the other for the payment of his debt: *Uniontown B. & L. Assn.'s Appeal*, 92 Pa. 200; *Landberg et al. v. Equitable Invest. Co. et al.*, 292 Pa. 476, 141 A. 302; *Hampton v. Congress B. & L. Assn.*, 300 Pa. 501, 150 A. 895; *McCahan's Est.*, 312 Pa. 515, 168 A. 685; *Davis' Est.*, 47 Pa. Superior Ct. 240; *Greater Adelphia B. & L. Assn. v. Trilling et ux.*, 121 Pa. Superior Ct. 469, 183 A. 651; *McDevitt & Hays's Appeal*, 70 Pa. 373; *Robeson's Appeal*, 117 Pa. 628, 12 A. 51.

The appellants' position is untenable, either in law or equity. The distribution as made resulted in the payment of debts due by Pitney, which were liens against the Milford property when the title was acquired by the terre-tenant. If the theory of the appellants should prevail, the third lien creditor on the township lands would receive nothing and the terre-tenant of the Milford property, against which a second lien existed when conveyed, would unfairly reap a benefit in receiving $724.50. This would result in defeating a proper and equitable distribution of money to those who had the protection of liens and to whom money was justly due.

Complaint was also made of the failure of the court to allow the terre-tenant to amend her exceptions by permitting the Edsel Holding Company, Inc., to join therein. In view of the disposition of this case, it is unnecessary to consider that matter.

Decree of the lower court is affirmed, at appellants' costs.