**Klotz v. Krieger**

*Arthur Silverblatt* and *Howard A. Berman,* for plaintiff.

*Theodore L. Krohn,* for defendant.

HOURIGAN, J., March 22, 1972.—This matter comes before the court on defendant's preliminary objections to plaintiff's complaint. The preliminary objections allege that plaintiff failed to join two necessary parties, namely her present husband and the mortgagee of the premises.

Plaintiff in her complaint is seeking the appointment of a trustee to sell and divide the proceeds of sale from former entireties' property which has been converted into a tenancy in common under the Act of May 10, 1927, P. L. 884, as amended, 68 PS §501-504.

Section 502 of said act provides: ". . . such sale shall have the same effect in all respects as a public sale in proceedings in partition of real estate."

The mortgagee of an interest in an individual estate has an encumbrance on the land but no estate in it; he is not entitled to be made a party to a proceeding for the partition thereof: Stewart v. Allegheny National Bank, 101 Pa. 342, 347 (1882). See also Goodrich-Amram Procedural Rules Service, Vol. 2, §1553-4, p. 27.

Neither a husband nor a wife is a necessary or proper party to an action for partition of real estate involving the separate property of the other spouse: Goodrich-Amram Procedural Rules Service, Vol. 2, §1553-7, p. 28; Standard Pennsylvania Practice, Vol. 14, pp. 66-67.

Accordingly, we enter the following

### ORDER

Defendant's preliminary objections are dismissed.